## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

EDGAR B. MURPHY, JR.,

                Petitioner,

    v.

MICHAEL HARLOW, et al.,

                Respondents.

CIVIL ACTION NO. 1:12-CV-01323

(KANE, J.)
(MEHALCHICK, M.J.)

### MEMORANDUM

Presently before this Court are two motions entitled "Motion to Stay and Abeyance" (Doc. 26; Doc. 28), and two motions titled "Motion to Amend Motion to Stay and Abeyance" (Doc. 27; Doc. 29), filed by Petitioner Edgar B. Murphy, Jr. It is unclear from these motions whether Petitioner seeks: a stay and abeyance with respect to the instant federal habeas proceedings; reconsideration of this Court's Order denying him leave to amend (Doc. 25); leave to amend his petition again; or whether he is merely offering a sur-reply to the Respondents' response to the habeas petition. The Court will analyze these motions in the context of how they are characterized by Murphy—as motions for a stay and abeyance.

### I.    PROCEDURAL BACKGROUND

On November 8, 2007, following a jury trial, Murphy was convicted in the Court of Common Pleas of Dauphin County of one count of Sexual Assault, two counts of Involuntary Deviate Sexual Intercourse, and three counts of Indecent Assault. (Doc. 12-4, at 1). He received a concurrent sentence of seven-to-twenty years' imprisonment on August 13, 2007. (Doc. 12-4, at 1). His conviction and sentence were affirmed on direct appeal by the Superior Court of

Pennsylvania on June 2, 2008. (Doc. 12-9, at 5). On May 26, 2009, the Pennsylvania Supreme Court denied his petition for allowance of appeal. (Doc. 12-9, at 5).

A counseled PCRA petition was filed on October 1, 2009, which was denied on the record at the conclusion of the hearing held on July 2, 2010. (Doc. 11; Doc. 12-14, at 1). On August 5, 2010, Murphy filed a *pro se* notice of appeal, in which he raised a number of claims not originally raised on direct appeal or on initial PCRA review. The denial of his PCRA petition was thus affirmed on appeal by the Superior Court of Pennsylvania on August 22, 2011. (Doc. 12-16, at 15).

Murphy filed his original federal habeas petition on July 9, 2012 (Doc. 1). The Court received and filed Murphy's motions for stay and abeyance on July 13, 2015, and July 15, 2015, respectfully. (Doc. 26; Doc. 28).  From what can be gleaned from these motions, it appears Murphy seeks to stay his federal habeas proceeding and hold his petition in abeyance to permit him to exhaust his state court remedies with respect to his claims not previously presented to the state appellate courts.

## II.   DISCUSSION

Generally, a federal district court may not grant a habeas petition unless the petitioner has first exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Indeed, the Supreme Court of the United States has held that, when a district court is presented with a "mixed" petition containing both exhausted *and* unexhausted claims, it must be dismissed without prejudice in its entirety to allow the petitioner an opportunity to achieve "total exhaustion." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Fourteen years after the *Lundy* decision, Congress enacted the AEDPA, which imposed a one-year statute of limitations on the filing of federal habeas petitions. *See* 28 U.S.C.

§ 2244(d); *Rhines v. Weber*, 544 U.S. 269, 273–74 (2005). "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275.

In response, the federal courts have developed a "stay and abeyance" procedure in which "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 276. But this stay-and-abeyance procedure is permitted only in limited circumstances: A district court is permitted to grant a stay only if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Here, while not a model of clarity, the motions presently before the Court suggest that Murphy requests this proceeding on his federal habeas petition be stayed and held in abeyance while he returns to state court to exhaust his unexhausted claims, as it appears that Murphy failed to "fairly present" his ineffective assistance of counsel claims on PCRA appeal prior to filing a federal habeas petition.[1] However, his request for a stay is premised on the mistaken

---

[1] Generally, for this Court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan*, 526 U.S. at 844–55 ("[T]he exhaustion doctrine is

impression that his petition is a "mixed" petition, subject to dismissal under *Lundy* and amenable to the stay-and-abeyance procedure under *Rhines*. It is not.

If Murphy were to return to state court now to attempt to exhaust his claims in a new PCRA petition, more than six years after his judgment of conviction became final, his petition would be untimely and the matter would be dismissed pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b). Under this state statute, a PCRA petition must be filed "within one year of the date the judgment becomes final," subject to certain enumerated exceptions not applicable here. *See* 42 Pa. Cons. Stat. Ann. § 9545(b). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Thus,

---

designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). In Pennsylvania, a federal claim may be exhausted by presenting it to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000).

for the purpose of this federal habeas proceeding, Murphy's claims are all exhausted, whether actually or technically so.

"Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted . . . ." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Generally, a federal court may not review a habeas claim that is procedurally defaulted. *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013). A claim is procedurally defaulted when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman*, 501 U.S. at 750. The one-year statute of limitations applicable to state PCRA proceedings has been held to be such an independent and adequate state procedural rule. *See Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014); *Banks v. Horn*, 49 F. Supp. 2d 400, 403–07 (M.D. Pa. 1999). *See generally Bronshtein v. Horn*, 404 F.3d 700, 708–10 (3d Cir. 2005) (discussing history and strict application of the PCRA statute of limitations since 1999).

"[I]f the challenged claims are procedurally defaulted, not merely unexhausted, then the petition is no longer 'mixed,' the 'stay and abeyance' issue is moot, and the only question is whether the petitioner can overcome the procedural default of the challenged claims to allow them to be considered by the federal court pursuant to § 2254." *Boss v. Ludwick*, 863 F. Supp. 2d 845, 856 (N.D. Iowa 2012); *see also id.* ("[T]he first question is not whether the *Rhines* factors warrant a 'stay and abeyance,' but whether the 'stay and abeyance' issue is moot."). Murphy's claims are procedurally defaulted, not merely unexhausted, as the one-year state PCRA limitation period expired well before he filed these motions. Therefore, the stay-and-abeyance issue is moot.

### III.   CONCLUSION

Accordingly, the motions to stay (Doc. 26; Doc. 28) and the motions to amend the motions to stay (Doc. 27; Doc. 29) will be denied as moot.

An appropriate Order follows.


**Dated:** December 9, 2015                    *s/ Karoline Mehalchick*
                                              **KAROLINE MEHALCHICK**
                                              **United States Magistrate Judge**