# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

EDGAR B. MURPHY, JR.,

      Petitioner,

    v.

MICHAEL HARLOW, et al.,

      Respondents.

CIVIL ACTION NO. 1:12-CV-01323

(KANE, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

On July 9, 2012, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254 (Doc. 1), along with a memorandum of law in support of the petition (Doc. 4), both signed and dated by the petitioner, Edgar B. Murphy, Jr., on June 25, 2012.

## I.   STATEMENT OF THE CASE

### A.   PROCEDURAL HISTORY

On February 16, 2007, following a jury trial, Murphy was convicted in the Court of Common Pleas of Dauphin County of one count of Sexual Assault, two counts of Involuntary Deviate Sexual Intercourse, and three counts of Indecent Assault. (Doc. 1, at 1; Doc. 12-4, at 1-3); *Commonwealth v. Murphy*, No. CP-22-CR-0004494-2006 (Dauphin Cnty. C.C.P.).[1] He received a concurrent sentence of seven-to-twenty years' imprisonment on November 8, 2007.

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state court records. *Minney v. Winstead*, No. 2:12-CV-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Dauphin County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

(Doc. 12-4, at 2-4). Murphy then filed a post-sentence motion seeking a new trial on November 19, 2007, which was denied in an order by the trial court on December 6, 2007 and supplemented with a June 2, 2008 memorandum opinion in accordance with Pa. R.A.P. 1925 that explained the reasons for the denial. (Doc. 12-4, at 7-9; Doc. 12-9). Following a direct appeal to the Superior Court of Pennsylvania, his conviction and sentence were affirmed on December 2, 2008. (Doc. 12-8; Doc. 12-10); *Commonwealth v. Murphy*, No. 2136 MDA 2007 (Pa. Super. Ct.). Murphy then petitioned for allowance of appeal, which was denied by the Pennsylvania Supreme Court on April 29, 2009. (Doc. 12-4, at 9; Doc. 12-11); *Commonwealth v. Murphy*, No. 830 MAL 2008 (Pa.).

Following the conclusion of direct review, Murphy filed a *pro se* petition for collateral relief under the Pennsylvania Post-Conviction Relief Act ("PCRA") in the Dauphin County Court of Common Pleas on July 17, 2009. (Doc. 12-4, at 9; Doc. 12-12). The PCRA court appointed Murphy counsel, who then filed an amended PCRA petition on October 1, 2009. (Doc. 12-4, at 10; Doc. 12-13). On June 2, 2010, the PCRA court conducted an evidentiary hearing on the issues raised in Murphy's amended PCRA petition, and dismissed the petition at the conclusion of the hearing. (Doc. 12-4, at 12; Doc. 12-14, at 20-21). Murphy's PCRA counsel subsequently petitioned for and was granted the right to withdraw as counsel. (Doc. 12-4, at 12). On August 5, 2010, Murphy filed a *pro se* notice of appeal to the Superior Court, which included a number of claims not previously raised on direct appeal or on initial PCRA review. (Doc. 12-4, at 12-13; Doc. 12-15). The Superior Court affirmed the dismissal of Murphy's PCRA petition on August 22, 2011, concluding that Murphy waived all of the issues raised in

2

his PCRA appeal. (Doc. 12-4, at 13; Doc. 12-16). Murphy did not seek allocator in the Pennsylvania Supreme Court in regard to his PCRA petition.

Murphy filed the instant *pro se* federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 9, 2012 (Doc. 1), along with a supporting memorandum of law (Doc. 4). Upon reviewing the petition and supporting memorandum, the Court directed Respondents to file an answer pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. (Doc. 9). On April 23, 2013, Respondents answered the order to show cause, asserting that all of Murphy's claims are barred by procedural default and without merit. (Doc. 12; Doc. 12-2). Murphy filed a reply to the Respondents' answer on May 10, 2013, in which he claimed that any procedural default should be excused under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). (Doc. 13). In response, the Court issued an order on June 19, 2014 (Doc. 16), directing the parties to provide supplemental briefing on the relevance of *Martinez* to Murphy's federal habeas petition (Doc. 17; Doc. 18).[2]

### B. Habeas Claims Presented

Murphy presents the following grounds for relief in his petition and supporting memorandum:

(1)   Petitioner was denied due process of law by ineffective assistance of counsel in failing to object to the trial court's jury charge;

(2)   Petitioner was denied due process of law by ineffective assistance of counsel in failing to challenge the sufficiency of the evidence;

---

[2] Murphy also has filed numerous motions during the pendency of his federal habeas proceedings, including two motions to amend his petition. (Doc. 21; Doc. 22). However, because the Court denied the motions to amend pursuant to Federal Rule of Civil Procedure 15(a) on the grounds of futility and undue delay (Doc. 25), Murphy continues to proceed on his initial petition that was filed on July 9, 2012 (Doc. 1).

(3)     Petitioner was denied due process of law by ineffective assistance of counsel in failing to challenge the admission of evidence;

(4)     Petitioner was denied due process of law by ineffective assistance of counsel in not objecting to inadmissible evidence;

(5)     Petitioner was denied due process of law by ineffective assistance of counsel in not objecting to prosecutorial misconduct;

(6)     Petitioner was denied due process of law by ineffective assistance of counsel in failing to object to the trial court's prompt complaint charge;

(7)     Petitioner was denied due process of law by ineffective assistance of counsel in failing to object to an amendment/variance of information between the original and new charges; and

(8)     Petitioner was denied due process of law by ineffective assistance of counsel in failing to advocate Petitioner's cause.

(Doc. 4, at 14-15). Murphy further alleges in his supporting memorandum that any failure to raise these issues in post collateral relief proceedings was due to ineffective assistance of counsel. (Doc. 4, at 54).

## II.   DISCUSSION

### A.   EXHAUSTION AND PROCEDURAL DEFAULT STANDARDS

#### 1.  Exhaustion of Available State Remedies

Generally, a federal district court may not address the merits of a habeas petition unless all of the claims contained in the petition have been exhausted. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan*, 526 U.S. at 845 ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to

the federal courts . . . by invoking one complete round of the State's established appellate review process."). The United States Court of Appeals for the Third Circuit notes that "'[f]air presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)).

Exhaustion also "turns on an inquiry into what procedures are 'available' under state law." *O'Sullivan*, 526 U.S. at 847. In Pennsylvania, a federal claim is deemed exhausted once it is presented to the Superior Court of Pennsylvania—either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief—because the Pennsylvania Supreme Court is not considered an "available" state court remedy. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (declaring review from the Pennsylvania Supreme Court to be "'unavailable'" for purposes of exhausting state court remedies); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless*, 172 F.3d at 260 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the

technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").

### 2. Procedural Default

"[C]laims deemed exhausted because of a state procedural bar are procedurally defaulted . . . ." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000) (citing *McCandless*, 172 F.3d at 260). Generally, a federal court will not review a claim that is procedurally defaulted. *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013). A claim is procedurally defaulted where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman*, 501 U.S. at 750. "[S]tate procedural rules have been held to be inadequate if they are not 'firmly established and regularly followed,' or if they are 'novel[ ]' and unforeseeable." *Bronshtein v. Horn*, 404 F.3d 700, 707 (3d Cir. 2005) (alteration in original) (citations omitted) (quoting *Ford v. Georgia,* 498 U.S. 411, 424 (1991); *NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 457 (1958)). These requirements "ensure[ ] that federal review is not barred unless a habeas petitioner had fair notice of the need to follow the state procedural rule." *Bronshtein*, 404 F.3d at 707.

Notwithstanding procedural default, a federal court may review the merits of procedurally defaulted claims if the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the claim is not considered. *Lines*, 208 F.3d at 160; *McCandless*, 172 F.3d at 260. It is the petitioner's burden to demonstrate circumstances excusing procedural default. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750. To show "cause," a petitioner must establish "that some objective factor external to the defense impeded [the

petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner satisfies the "prejudice" prong by showing that the trial was "unreliable or . . . fundamentally unfair" because of a violation of federal law. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Alternatively, in order to demonstrate a "fundamental miscarriage of justice," a petitioner must present new evidence to show "that constitutional error has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

> B. ALL GROUNDS FOR RELIEF RAISED IN MURPHY'S HABEAS PETITION ARE PROCEDURALLY DEFAULTED

Respondents contend that none of the eight grounds for relief asserted in Murphy's petition and supporting memorandum were fully presented to the state courts, and thus all of his federal habeas claims are procedurally defaulted. (Doc. 12, at 4). In his initial *pro se* PCRA petition filed on July 17, 2009, Murphy alleged that trial counsel was ineffective in:

> Failing to point out to the court and jury, false and misleading statements by the Commonwealth;
>
> Failing to provide an adequate defense;
>
> Failing to inform the judge and jury that the verdict was against the weight of the evidence;
>
> Failing to inform Murphy that he had bail set;
>
> Failing to point out and challenge that the charges had been changed three different times;
>
> Failing to challenge the Sexual Offenders Assessment Board ("SOAB") assessment report; and
>
> Failing to inform Murphy that she would not remain as counsel throughout the duration of trial.

(Doc. 12-12, at 3).

However, after being appointed counsel, Murphy filed an amended PCRA petition on October 1, 2009, in which the lone asserted ground for relief was that trial counsel rendered ineffective assistance in failing to investigate and/or call alternative witnesses who could have presented exculpatory information to the jury. (Doc. 12-13, at 8-9). The PCRA court dismissed Murphy's amended petition at the conclusion of an evidentiary hearing on June 2, 2010. (Doc. 12-4, at 12; Doc. 12-14, at 20-21).

Because Murphy did not include the grounds for relief that were asserted in his initial *pro se* PCRA petition, those claims were abandoned in his counseled and amended PCRA petition. (Doc. 12-12; Doc. 12-13). Under Pennsylvania law, when a litigant is represented by counsel, the state court will not entertain *pro se* briefs, and thus any claims presented by a represented litigant exclusively in *pro se* filings are not "fairly presented" to the state court. *See Hurlburt v. Lawler*, No. 1:CV-0300665, 2008 WL 2973049, at *12 (M.D. Pa. Aug. 4, 2008) (discussing *Commonwealth v. Ellis*, 626 A.2d 1137, 1141 (Pa. 1993)); *White v. Cameron*, No. 08-CV-02948, 2008 WL 4861154, at *4 (E.D. Pa. Nov. 6, 2008) ("When a petitioner files a *pro se* PCRA petition, but subsequently obtains counsel and files an amended petition, the court will review only the counseled petition.") (citing *Commonwealth v. Pursell,* 724 A.2d 293, 302 (Pa.1999)). This state procedural rule was firmly established, readily ascertainable, and regularly followed throughout the pendency of Murphy's PCRA proceedings. *See Bronstein*, 404 F.3d at 707-08. Indeed, the Superior Court of Pennsylvania refused to consider the vast majority of issues that Murphy raised in his *pro se* appeal of the PCRA court's dismissal of his petition—most of which mirrored the claims in Murphy's *pro se* PCRA petition—finding that those issues had been

waived in the PCRA court when Murphy proceeded on the counseled and amended PCRA petition. (Doc. 12-16, at 9-10).

Although Murphy may have exhausted other claims that were not abandoned in his counseled and amended PCRA petition, Murphy fails to include these properly exhausted claims among the grounds for relief in his federal habeas petition. For instance, the Superior Court deemed Murphy's allegation that trial counsel failed to call certain witnesses to be the only ineffective assistance claim that was fairly presented to the PCRA court, but Murphy does not assert this claim in the instant habeas petition. (Doc. 4, at 14-15; Doc. 12-16, at 11). Likewise, Murphy may have exhausted his argument on direct appeal that the jury's verdict was against the weight of the evidence, but this potential ground for relief was also omitted from Murphy's habeas petition, which only asserts claims of ineffective assistance of counsel. (Doc. 4, at 14-15; Doc. 12-8). Accordingly, all grounds for relief asserted in Murphy's federal habeas petition are procedurally defaulted.[3]

---

[3] If Murphy were to return to state court now in an attempt to exhaust the procedurally defaulted claims in the instant habeas petition through the filing of a new PCRA petition, that PCRA petition would be deemed untimely and dismissed pursuant to 42 Pa. Cons. Stat. § 9545(b). Under Pennsylvania law, a PCRA petition generally must be filed "within one year of the date the judgment becomes final . . . ." 42 Pa. Cons. Stat. § 9545(b)(1). Judgment becomes final at the conclusion of direct review, which includes discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking that review. 42 Pa. Cons. Stat. § 9545(b)(3); *Commonwealth v. Owens*, 718 A.2d 330 (Pa. Super. Ct. 1998). Here, Murphy's conviction became final on July 28, 2009, 90 days after the Pennsylvania Supreme Court denied Murphy's petition for allowance of appeal on April 29, 2009. *Commonwealth v. Murphy*, No. 830 MAL 2008 (Pa.). Because Murphy's conviction became final well over a year ago, any attempt by Murphy to file a new PCRA petition would be barred as untimely under 42 Pa. Cons. Stat. § 9545(b). Thus, for the purpose of this federal habeas proceeding, Murphy's claims are all technically exhausted.

C. CAUSE AND PREJUDICE

Murphy urges the Court to excuse his procedural default on the basis of "ineffective assistance of all prior counsel[ ], in derogation of [Murphy's] State and Federal Constitutional rights to counsel." (Doc. 4, at 54). Specifically, Murphy alleges that the failure of his appointed PCRA counsel to assert the ineffective assistance of trial counsel claims from Murphy's initial *pro se* PCRA petition in the amended and counseled PCRA petition constitutes ineffective assistance of counsel, which in turn prevented Murphy from properly exhausting his underlying ineffective assistance of trial counsel claims before the PCRA court. (Doc. 13, at 5-6). The United States Supreme Court has recognized that, under certain circumstances, the procedural default of an ineffective assistance of trial counsel claim may be excused where the default was caused, in turn, by ineffective assistance of counsel in post-conviction collateral proceedings. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1315–21 (2012). In *Martinez*, the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320.

The Supreme Court subsequently extended its holding in *Martinez* to apply not only to cases where state procedural law expressly prohibited ineffective assistance claims on direct appeal, but also where a "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal . . . ." *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013). The Third Circuit thereafter examined Pennsylvania's procedural

framework in light of *Trevino* and determined that *Martinez* applies because, as a matter of practicality, Pennsylvania generally does not consider ineffective assistance claims on direct review. *Cox v. Horn*, 757 F.3d 113, 124 n.8 (3d Cir. 2014). Accordingly, Murphy is correct in his contention that, pursuant to *Martinez*, ineffective assistance of PCRA counsel may serve as "cause" to excuse his procedural default in failing to exhaust his underlying ineffective assistance of trial counsel claims before the PCRA court.

Under *Martinez*, the failure of a federal habeas petitioner's counsel to raise a claim in an initial-review collateral proceeding can constitute cause if (1) PCRA counsel's failure itself constituted ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and (2) the underlying ineffective assistance of trial counsel claim is "a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1318; *Glenn v. Wynder*, 743 F.3d 402, 410 (3d Cir. 2014). "Under *Strickland*, courts are precluded from finding that counsel was ineffective unless they find both that counsel's performance fell below an objectively unreasonable standard, and that the defendant was prejudiced by that performance." *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). This review of counsel's performance must be "highly deferential," as the petitioner has the burden of overcoming the strong presumption that his counsel's conduct fell "within the wide range of reasonable professional assistance" and that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90. Even if a petitioner demonstrates that his attorney's performance fell below prevailing professional norms, habeas relief will only be available if he further demonstrates that this deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 691-92. To demonstrate that he was

prejudiced by counsel's ineffective performance, a petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Courts properly deny an ineffective assistance of counsel claim upon determining that a petitioner fails to make a sufficient showing under either the performance component or the prejudice component, without any need to address the other prong. *Strickland,* 466 U.S. at 697.

Here, in reviewing the record, it is evident that (1) in regard to certain grounds for relief that Murphy now alleges in his habeas petition, Murphy's PCRA counsel was not ineffective for failing to include those claims in the counseled PCRA petition, and (2) in regard to all remaining grounds for relief, the underlying ineffective assistance of trial counsel claims are not substantial and therefore without merit. As Murphy has failed to identify justifiable cause to excuse his default, it is recommended that all claims be dismissed.

### 1. Grounds One, Four, and Six fail under *Martinez* because Murphy has not shown that PCRA counsel was ineffective

In grounds for relief one, four, and six, Murphy alleges that trial counsel was ineffective for failing to request a specific jury charge on the issue of consent, for failing to challenge the admissibility of a letter written by Murphy to his daughter Lakoya Murphy—a non-testifying witness—under the confrontation clause, and for failing to seek a "prompt complaint" jury charge. (Doc. 4, at 19-22, 39-40, 45-47). Moreover, Murphy asserts that PCRA counsel rendered ineffective assistance in failing to raise each of these alleged instances of trial counsel's ineffectiveness. (Doc. 4, at 12-13).

Under *Martinez*, the failure to raise a claim in a PCRA proceeding may be excused only if the petitioner's PCRA counsel rendered ineffective assistance in failing to develop that claim. *See Martinez*, 132 S. Ct. at 1318. This is an exacting standard, as "counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013)). Thus, a petitioner seeking to establish the ineffective assistance of PCRA counsel "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Without any evidentiary support that PCRA counsel knew or should have known to assert a particular claim of ineffective assistance of trial counsel, PCRA counsel's omission cannot be presumed unreasonable. *See Lloyd v. Bickell*, No. CIV.A. 11-4306, 2013 WL 1972198, at *19 (E.D. Pa. Feb. 19, 2013) ("While [petitioner] asserts that *Martinez* applies to PCRA counsel's failure, he has not even attempted to satisfy this burden with any threshold evidentiary support, i.e., an affidavit from . . . PCRA counsel that [petitioner] ever asked that he present the issue. Accordingly, I recommend that this claim be dismissed."), *report and recommendation adopted*, No. CIV.A. 11-4306, 2013 WL 1979490, at *19 (E.D. Pa. May 14, 2013); *see also Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect.").

Here, Murphy neither alleges nor presents any evidence that he informed PCRA counsel that his trial counsel was ineffective in regard to grounds for relief one, four, and six that Murphy now raises in his federal habeas petition. Further, the Court has no evidentiary basis to

conclude that PCRA counsel may have learned of these potential claims through some other means. Indeed, neither Murphy's *pro se* PCRA petition nor PCRA counsel's "no merit" letter contained any reference to these three potential claims. (Doc. 4-2, at 48-50; Doc. 12-12, at 3). To the contrary, in the "no merit" letter sent by PCRA counsel, which Murphy submitted in connection with his habeas petition, PCRA counsel notes that he investigated the ineffective assistance of counsel claims that Murphy brought to his attention but found them to be lacking in merit. (Doc. 4-2, at 49). PCRA counsel's decision, after investigation, to only proceed on the one claim that he found potentially meritorious is hardly indicative of "sheer neglect." *Yarborough*, 540 U.S. at 8. Murphy simply has failed to overcome the strong presumption that PCRA counsel's actions were reasonable. Accordingly, this Court cannot conclude that PCRA counsel was ineffective in regard to grounds one, four, and six of the instant habeas petition, and so Murphy's procedural default with respect to these claims cannot be excused. It is therefore recommended that grounds for relief one, four, and six be denied as procedurally defaulted.[4]

---

[4] Moreover, even if Murphy were able to show that PCRA counsel was ineffective for failing to develop grounds for relief one, four, and six, he still would fall short of the *Martinez* standard because the underlying ineffective assistance of trial counsel claims are not substantial. In regard to a specific jury instruction on the element of consent, the trial court is constitutionally required "only to state the law effectively . . . ." *United States v. Flores*, 454 F.3d 149, 161 (3d Cir. 2006). Because the trial judge retains discretion to determine the language of the jury charge, the court is not required to use the specific language proffered by a defendant "[s]o long as the court conveys the required meaning . . . ." *Flores*, 454 F.3d at 161. As there is no indication that the trial judge misstated the law in the jury instruction, this ground for relief must fail. Furthermore, the introduction into evidence of the letter Murphy sent to one of his daughters did not violate the confrontation clause or constitute inadmissible hearsay because the letter only contained Murphy's own words, there was no other declarant. *See* (Doc. 4-2, at 40-43); Pa. R. Evid. 803(25); Fed. R. Evid. 801(d)(2). Lastly, in considering whether a prompt

**2. All Remaining grounds for relief fail under *Martinez* because the underlying ineffective assistance of trial counsel claims lack merit**

a. Ground Two: Failure to Challenge the Sufficiency of the Evidence

In his second ground for relief, Murphy argues that trial and appellate counsel were ineffective in failing to challenge the sufficiency of the evidence to establish that Murphy used forcible compulsion, which was an element that the Commonwealth needed to prove for each of the charges that Murphy was convicted on. (Doc. 4, at 23-28). However, a review of the trial and direct appellate record belies Murphy's claim. Specifically, Murphy's counsel argued both in a motion for a new trial and on direct appeal that the Commonwealth's evidence was insufficient to establish the element of forcible compulsion. (Doc. 12-8, at 8, 16-17). This argument was considered on the merits and rejected by both the Dauphin County Court of Common Pleas in post-trial motions (Doc. 12-9), and by the Superior Court on direct appeal (Doc. 12-10). Because the record is clear that Murphy's trial and direct appellate counsel did indeed challenge the sufficiency of the Commonwealth's evidence in regard to the element of forcible compulsion, Murphy's second ground for relief clearly has no merit and thus does not present a substantial claim of ineffective assistance of trial counsel. *See Martinez*, 132 S. Ct. at

complaint jury instruction is proper, a court should assess "the age and condition of the victim" and whether "the perpetrator was in a position of confidence or authority." *Parmelee v. Piazza*, 622 F. Supp. 2d 212, 227-28 (M.D. Pa. 2008). Here, although the victim is an adult, the fact that she is Murphy's daughter indicates that Murphy's position of confidence and authority, along with the victim's mixed emotions about potentially sending a loved one to jail, could explain any delay in the victim's reporting of the assault. *See Parmelee*, 622 F. Supp. 2d at 228. Because of this familial relationship between Murphy and the victim, this Court cannot conclude that the case warranted a prompt complaint instruction from the trial judge, and therefore trial counsel was not ineffective for failing to seek a prompt complaint instruction.

1318. For this reason, the Court recommends that ground two be denied as procedurally defaulted.

### b.  Ground Three: Failure to Challenge the Admission of Evidence

In ground three, Murphy claims that trial counsel rendered ineffective assistance in failing to challenge the admission of evidence in the form of testimony and an affidavit of probable cause from Detective Massey that allegedly contained false and misleading information. (Doc. 4, at 29-38). Murphy contends that trial counsel was ineffective in not requesting a *Franks* hearing to challenge the validity of the affidavit and in failing to properly cross examine Detective Massey. (Doc. 4, at 29-38); *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978).

#### i.  Affidavit of Probable Cause

A *Franks* hearing is warranted where a "defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause . . . ." *Franks*, 438 U.S. at 155-56. Upon making this preliminary showing, if the defendant is able to establish by a preponderance of the evidence at the hearing "that material statements in the affidavit are either recklessly or intentionally untruthful, the fruits of the search must be excluded unless the remaining content of the warrant is sufficient to establish probable cause." *United States v. Brown*, 3 F.3d 673, 676 (3d Cir. 1993).

This Court has already considered and rejected a challenge to the validity of the affidavit of probable cause premised on a theory of fraud on the court in Murphy's second motion to amend his habeas petition (Doc. 22), finding that:

> Petitioner's claim that the affidavit of probable cause and police reports contained false information does not meet the demanding standard applicable to fraud upon the court. Even assuming, *arguendo*, that the false statements rise to the level of intentional fraud, there was ample other evidence sufficient to show probable cause, including the victim's statements to the police and testimony at trial that the Petitioner physically pinned her down while he committed the assault. (Doc. 12; Doc. 22). Moreover, even if the Petitioner had pled sufficient facts to infer that probable cause was lacking, this still would not constitute a valid fraud on the court claim because "an illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).

(Doc. 25, at 5).

Here, Murphy alleges that Detective Massey falsely stated in the affidavit of probable cause that the victim ordered Murphy to stop during the course of the sexual assault. (Doc. 4, at 29). However, as this Court has previously noted, the allegedly false statement regarding whether the victim ordered Murphy to stop was not necessary to the finding of probable cause because there was sufficient other evidence from the victim's statement that Murphy pinned her down while he committed the assault. (Doc. 4-2, at 8; Doc. 12; Doc. 22; Doc. 25, at 5); *Franks*, 438 U.S. at 155-56.

Even if Detective Massey's allegedly false statement in the affidavit was necessary to establish probable cause, Petitioner has failed to show that trial counsel's failure to seek a *Franks* hearing was at all prejudicial to his defense. *See Strickland*, 466 U.S. at 691-92. Murphy does not name any specific evidence that was obtained as a result of the search warrant, or allege that without this evidence "the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. In the affidavit of probable cause itself, Detective Massey stated that he was seeking to obtain a warrant in order to collect DNA evidence. (Doc. 4-2, at 8). However, any

DNA evidence would have been irrelevant to Murphy's chances of success at trial because Murphy has consistently asserted a consent defense, meaning that Murphy freely admits that he and the victim engaged in consensual sexual activity. (Doc. 4-2, at 38).

Accordingly, this Court concludes that Murphy's trial counsel was not ineffective in failing to request a *Franks* hearing to challenge the validity of Detective Massey's affidavit of probable cause, and, even if trial counsel's failure to request a *Franks* hearing had been objectively unreasonable, it was not prejudicial to Murphy's defense.

### ii.    Cross Examination of Detective Massey

Murphy alleges that trial counsel "was ineffective in failing to properly cross examine Detective Massey" as to the allegedly false statement in Detective Massey's affidavit of probable cause. (Doc. 4, at 29). Specifically, Murphy argues that trial counsel should have questioned Detective Massey about possible bias by the investigating officers because of an alleged "personal relationship" between the victim and Detective Ellis Roy. (Doc. 4, at 29-30). However, Murphy does not contend that Detective Massey knew of this supposed relationship between the victim and another detective in his department, and Murphy makes no allegation of how the alleged bias prejudiced his defense. Indeed, there was overwhelming evidence of Murphy's guilt in the form of the victim's own testimony at trial. (Doc. 12-5). In light of this evidence, trial counsel's failure to cross examine Detective Massey on the issue of the investigating officers' supposed bias in favor of the victim would at most be harmless error.

Furthermore, Murphy freely admits that his trial counsel cross examined Detective Massey by pointing out inconsistencies between Massey's statement in the affidavit of probable cause and the victim's own words. (Doc. 4, at 30). Having already impeached Detective

Massey's credibility, any efforts by trial counsel to introduce evidence of bias to further impeach Massey's credibility would have been cumulative at best. Thus, Murphy's ineffective assistance claim in regard to the cross examination of Detective Massey must fail.

c.   Ground Five: Failure to Object to Prosecutorial Misconduct

In his fifth ground for relief, Murphy argues that trial counsel was ineffective in failing to object to the Commonwealth's alleged prosecutorial misconduct in allowing witness Icey Joy Walton to present herself as Murphy's daughter, despite the fact that they are not biologically related. (Doc. 4, at 41-44). In analyzing a claim of prosecutorial misconduct, "[t]he relevant question is whether the . . . comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Here, Murphy makes no allegations and provides no evidence as to how the alleged misrepresentation of Walton as Murphy's daughter "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181. Indeed, Murphy fails to allege that the biological relationship between himself and Walton was central to Walton's testimony or otherwise somehow relevant to the crimes for which Murphy was convicted. The Court therefore concludes that Murphy's prosecutorial misconduct claim is not meritorious, and accordingly trial counsel's failure to object to the mischaracterization of the relationship between Murphy and Walton did not give rise to an ineffective assistance claim.

d.   Ground Seven: Failure to Object to an Amendment/Variance of Information Between the Original and New Charges

In ground seven, Murphy claims that trial counsel rendered ineffective assistance in failing to object to the Commonwealth's "eleventh hour amendment/substantive change in . . .

the offense charged." (Doc. 4, at 48). "[T]he legality of an amendment to an indictment is primarily a matter of state law." *United States ex rel. Wojtycha v. Hopkins*, 517 F.2d 420, 425 (3d Cir. 1975). Federal due process only requires "that an amendment provide a defendant sufficient notice of the charges against him such that he can defend against the charges." *Edwards v. Rozum*, No. CIV.A. 07-1736, 2008 WL 351905, at *9 (E.D. Pa. Feb. 7, 2008) (citing *Givens v. Housewright*, 786 F.2d 1378, 1380 (9th Cir. 1986)), *aff'd*, 337 F. App'x 236 (3d Cir. 2009).

The amendment to the information that Murphy bemoans in this ground for relief was filed on December 6, 2006, over two months before trial commenced on February 13, 2007. (Doc. 4, at 51); *Commonwealth v. Murphy*, No. CP-22-CR-0004494-2006 (Dauphin Cnty. C.C.P.). The only change in the amendment to the information that Murphy complains of is the addition of a second count of Involuntary Deviate Sexual Intercourse ("ISDI"), by means of forcible compulsion, to go along with the initial ISDI charge of sexual intercourse with an unconscious or unknowing complainant. 18 Pa. Cons. Stat. § 3123(a)(1), (3); *Commonwealth v. Murphy*, No. CP-22-CR-0004494-2006 (Dauphin Cnty. C.C.P.). However, all charges that Murphy faced, including the second ISDI charge, arose out of the same set of facts involving sexual activities Murphy performed on his daughter during the early morning hours of August 16, 2006. Furthermore, Murphy was not prejudiced by the additional charge because his defense of consent was equally applicable to ISDI by means of forcible compulsion as it was to ISDI with an unconscious or unknowing complainant. *See Derrickson v. Meyers*, 177 F. App'x 247, 249-50 (3d Cir. 2006) (not precedential) (affirming denial of ineffective assistance of counsel claim based on the failure to file a direct appeal challenging an amendment of the information to reinstate a robbery charge). Because Murphy had notice of the charges against him and was not prejudiced by the additional charge, the amendment to the

information did not violate federal due process. Furthermore, trial counsel's failure to object to the amendment to the information and additional charge did not constitute ineffective assistance because "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000). Accordingly, ground seven must also be denied as procedurally defaulted.

### e.   Ground Eight: Failure to Advocate Petitioner's Cause

Murphy's final ground for relief, ground eight, does not raise any additional legal arguments or claims of ineffective assistance, as Murphy instead rehashes his other claims of ineffective assistance, governing law, and the procedural history of his case. (Doc. 4, at 53-60). At most, the Court is able to liberally construe this portion of Murphy's petition and supporting memorandum as alleging a freestanding claim of ineffective assistance of PCRA counsel for failing to include all of Murphy's allegations of ineffective assistance of trial counsel into the amended PCRA petition. (Doc. 4, at 60). However, it is well-established law that freestanding claims of ineffective assistance of PCRA counsel are not cognizable on federal habeas review. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Coleman*, 501 U.S. at 752; *Holman v. Gillis*, 58 F. Supp. 2d 587, 597 (E.D. Pa. 1999) ("[A] claim of ineffective assistance of PCRA counsel is not cognizable in a federal habeas corpus petition because the right to effective assistance of PCRA counsel exists pursuant to state law, and is not mandated by the Constitution or laws or treaties of the United States."). As Murphy fails to state a cognizable claim in ground eight, it is recommended that this ground for relief also be dismissed.

**III.**   <u>RECOMMENDATION</u>

Upon due consideration of the record and applicable law, it is recommended that the petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further recommended that the Court decline to issue a certificate of appealability, as Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**Dated: June 7, 2016**                                    *s/ Karoline Mehalchick*
                                                                    **KAROLINE MEHALCHICK**
                                                                    **United States Magistrate Judge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

EDGAR B.  MURPHY, JR.,

      Petitioner,

  v.

MICHAEL HARLOW, et al.,

      Respondents.

CIVIL ACTION NO. 1:12-CV-01323

(KANE, J.)
(MEHALCHICK, M.J.)

**NOTICE**

    **NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 7, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: June 7, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK
United States Magistrate Judge**