## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDGAR B. MURPHY, JR., | : | |
|     Petitioner | : | |
| | : | No. 1:12-cv-1323 |
|     v. | : | |
| | : | (Judge Kane) |
| MICHAEL HARLOW, et al., | : | |
|     Defendants | : | (Magistrate Judge Mehalchick) |
| | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner Murphy filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 1, 2012 (Doc. No. 1), along with a supporting memorandum of law.  (Doc. No. 4.)[1]  The Court directed Respondents to file an answer to the petition.  (Doc. No. 9.)  On April 23, 2013, Respondents responded to the Court's Order, asserting that all of Petitioner's claims are barred by procedural default and are without merit.  (Doc. No. 12.)  Petitioner filed a reply to the Respondents' answer on May 10, 2013, claiming that any procedural default should be excused under Martinez v. Ryan, 132 S. Ct. 1309 (2012).  (Doc. No. 13.)  By Order dated June 19, 2014, the Court directed the parties to provide supplemental briefing on the relevance of Martinez to Petitioner's habeas petition.  (Doc. No. 16.)[2]

---

[1] Petitioner's habeas petition relates to his convictions for Sexual Assault, Involuntary Deviate Sexual Intercourse, and Indecent Assault, all of which became final upon the Pennsylvania Supreme Court's denial of Petitioner's request for allowance of appeal on April 29, 2009.

[2] Petitioner has filed numerous motions during the pendency of his habeas petition, including two motions to amend his petition.  (Doc. Nos. 21, 22.)  However, because the Court denied the motions to amend on the grounds of futility and undue delay pursuant to Federal Rule of Civil Procedure 15(a), (Doc. No. 25), Petitioner's initial petition filed July 12, 2012 (Doc. No.

On June 7, 2016, Magistrate Judge Mehalchick issued a Report and Recommendation, which recommends denial of Petitioner's habeas petition. (Doc. No. 35.) On June 28, 2016, after the time for the filing of Objections to the Report and Recommendation had expired,[3] Petitioner filed a "Motion for Extension of Time to File Objections to R & R." (Doc. No. 36.) On July 12, 2016, the Court granted Petitioner's Motion for Extension of Time, directing that any Objections to the Report and Recommendation be filed by July 12, 2016. (Doc. No. 40.) Instead of filing Objections, on July 11, 2016, Petitioner filed a "Motion for Stay and Abeyance." (Doc. No. 39.) On August 8, 2016, despite the fact that the time for filing Objections had expired, Petitioner again filed a second "Motion for Extension of Time for File Objections to R & R." (Doc. No. 41.) By Order dated August 16, 2016, the Court again granted Petitioner an extension of time until September 6, 2016 to file Objections to Magistrate Judge Mehalchick's Report and Recommendation. (Doc. No. 42.) Once again, rather than file Objections to the Report and Recommendation, Petitioner filed another document entitled "Motion for Stay and Abeyance" on September 2, 2016. (Doc. No. 43.)[4]

To the extent the Court construes Petitioner's September 2, 2016 "Motion for Stay and Abeyance" as Objections to the Report and Recommendation (given that Petitioner sought an

---

1), remains the operative pleading in this matter.

[3] Local Rule 72.3 provides that Objections to a Magistrate Judge's Report and Recommendation must be filed within fourteen days after service of the Report and Recommendation.

[4] In his "Motion for Stay and Abeyance" filed September 2, 2016 (Doc. No. 43), Petitioner asks the Court to ignore his previously filed Motion for Stay and Abeyance. (See Doc. No. 43 at 7.) Accordingly, in light of the filing of Petitioner's September 2, 2016 motion, and his request that the Court ignore his earlier filed motion, the Court will deny Petitioner's July 11, 2016 Motion for Stay and Abeyance (Doc. No. 39), as moot.

extension of time to file Objections and thereafter filed his "Motion for Stay and Abeyance"), the

Court finds that the Motion provides no basis for challenging Magistrate Judge Mehalchick's

thorough and well-reasoned finding that all grounds for relief raised in Petitioner's petition for

writ of habeas corpus are procedurally defaulted (Doc. No. 35 at 9), and further, that Petitioner

has failed to identify justifiable cause to excuse his procedural default (Id. at 12).

Further, if the Court accepts Petitioner's characterization of his filing as a "Motion for

Stay and Abeyance," the Court similarly finds no basis to grant the motion.  It appears from the

motion that Petitioner asks the Court to stay his federal habeas petition and hold it in abeyance in

order for him to exhaust state court remedies with regard to claims not previously presented to

the state appellate courts.  (Doc. No. 43 at 6-7.)  However, the "stay and abeyance" procedure

with regard to federal habeas petitions, approved for use in limited circumstances by the Supreme

Court in Rhines v. Weber, 544 U.S. 269 (2005), applies to a "mixed petition" containing both

exhausted and unexhausted claims.  Id. at 275-76.  Petitioner's petition is not a "mixed" one

containing both exhausted and unexhausted claims, but rather one in which any unexhausted

claims are procedurally defaulted.[5]

---

[5] If Petitioner returned to state court now, more than six years after his judgment of
conviction became final, in an attempt to exhaust his claims in a new PCRA petition, his petition
would be untimely and the matter would be dismissed.  See 42 Pa. Cons. Stat. Ann. § 9545(b) (a
PCRA petition must be filed "within one year of the date the judgment became final," subject to
certain enumerated exceptions not applicable here).  "When a claim is not exhausted because it
has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant
from seeking further relief in state courts, the exhaustion requirement is satisfied because there is
'an absence of available State corrective process.'" McCandless v. Vaughn, 172 F.3d 255, 260
(3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)(1)(B)(I)).  Accordingly, for purposes of this habeas
proceeding, Petitioner's claims are all either actually or technically exhausted.  Further, "claims
deemed exhausted because of a state procedural rule are procedurally defaulted . . . ." Lines v.
Larkins, 208 F.3d 153, 160 (3d Cir. 2000).

When claims are procedurally defaulted and "not merely unexhausted, then the petition is no longer 'mixed,' the 'stay and abeyance' issue is moot, and the only question is whether petitioner can overcome the procedural default of the challenged claims to allow them to be considered by the federal court pursuant to § 2254." Boss v. Ludwick, 863 F. Supp. 2d 845, 856 (N.D. Iowa 2012). The Court's finding that Magistrate Judge Mehalchick correctly determined that Petitioner failed to demonstrate justifiable cause to excuse his procedural default is determinative of the issue.

**ACCORDINGLY**, this 31st day of January 2017, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1.    The Report and Recommendation (Doc. No. 35) of Magistrate Judge Mehalchick is **ADOPTED**;

2.    Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

3.    Petitioner's Motions for Stay and Abeyance (Doc. Nos. 39, 43) are **DENIED** as moot; and

4.    The Clerk of Court is directed to close the case.

 s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

4